**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Dunn,* **Slip Opinion No. 2018-Ohio-4283.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4283

DISCIPLINARY COUNSEL *v.* DUNN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Dunn,* **Slip Opinion No. 2018-Ohio-4283.]**

*Judge misconduct—Violations of the Code of Judicial Conduct and the Rules of Professional Conduct—Six-month stayed suspension.*

(No. 2018-0813—Submitted July 18, 2018—Decided October 24, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-065.

_____

**Per Curiam.**

{¶ 1} Respondent, Howard Alan Dunn, of Solon, Ohio, Attorney Registration No. 0021621, was admitted to the practice of law in Ohio in 1978. In November 2017, relator, Disciplinary Counsel, alleged that while serving as a magistrate in the Cuyahoga County Court of Common Pleas, Juvenile Division,

Dunn violated the Code of Judicial Conduct and Rules of Professional Conduct by failing to accurately report his work hours and leave on his time card.

{¶ 2} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Dunn be suspended from the practice of law for six months, all stayed. Based on those stipulations and the evidence adduced at the hearing, a panel of the Board of Professional Conduct agreed that Dunn had committed the charged misconduct and found that the parties' recommended sanction was reasonable and appropriate. The board adopted the panel's report and recommendation of a six-month suspension stayed in its entirety on the condition that Dunn engage in no further misconduct, and no objections have been filed.

{¶ 3} We accept the board's findings and recommended sanction.

**Misconduct**

{¶ 4} As a magistrate, Dunn was required to work eight hours per day, 40 hours per week. If he worked less than eight hours a day, he was required to use his accrued leave time to make up the difference. Pursuant to the juvenile court's flexible-schedule policy, Dunn submitted a request to work from 7:30 a.m. to 3:30 p.m. beginning in December 2015. The court approved his request.

{¶ 5} Beginning on June 13, 2016, and continuing every two weeks thereafter, Dunn received an automated e-mail from Kronos, the court's electronic time-card program, stating:

> Please review and approve your time card; your signature indicates that you have verified and approved the accuracy of your time card. Please be advised that falsification of electronic time records is a work rule violation and may result in discipline including removal from employment.

The juvenile court audited the biweekly time cards that Dunn submitted from March 15 to September 2, 2016. The court compared the times he reported on his time cards to a record of his employee-identification-keycard swipes and video footage from courthouse security cameras. The audit showed that Dunn had falsely entered his start or end time into his Kronos time card on 90 of the 122 work days during that period and received $5,051.04 in pay for 121.8 hours that he had not worked.

{¶ 6} Dunn's time discrepancies ranged from a few minutes to over five hours and inflated his work time by an average of 1.35 hours per day. For example, on March 31, 2016, Dunn entered the parking garage at 8:18 a.m. and left the parking garage at 10:52 a.m. On his time card, however, Dunn falsely reported that he arrived at 7:30 a.m. and left at 3:30 p.m. that day, thereby inflating his work time by 5.43 hours. Despite the fact that he failed to accurately record the times that he commenced work, ended work, or used leave time, Dunn personally approved 10 of the 13 audited time cards.

{¶ 7} At a September 2016 disciplinary hearing conducted by his employer, Dunn submitted a written statement explaining that nausea and sleeplessness—the side effects of cancer treatment—had caused him to be late for work and to take longer breaks. He also testified that his absences had not affected his job performance and that he had kept current with his assignments.

{¶ 8} Following that hearing, Dunn was found to have violated seven workplace rules prohibiting (1) falsification of documents, (2) dishonesty and misrepresentation, (3) misuse or theft of county property, (4) conduct unbecoming a court employee, (5) job abandonment or failing to report for duty as scheduled, (6) leaving one's work area without permission, and (7) other acts of misfeasance, malfeasance, or nonfeasance. He resigned from his employment effective October 3, 2016.

**{¶ 9}** Dunn attempted to make restitution in October 2016 by personally delivering a cashier's check to the Cuyahoga County Court of Common Pleas, Juvenile Division. Although the court initially returned the check to Dunn, it eventually accepted his payment.

**{¶ 10}** In accord with the parties' stipulations, the board found that Dunn had violated Jud.Cond.R. 1.2 (requiring a judge or magistrate to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and to avoid impropriety and the appearance of impropriety) and Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation).

**{¶ 11}** We accept these findings.

### Sanction

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 13}** As aggravating factors, the parties and board agree that Dunn acted with a dishonest or selfish motive and engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(2) and (3). Agreed mitigating factors include the absence of prior discipline; a timely, good faith effort to make restitution; full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings; and the imposition of other penalties or sanctions (i.e., Dunn's loss of employment as a magistrate). *See* Gov.Bar R. V(13)(C)(1), (3), (4), and (6). The board also found that Dunn submitted positive character evidence. *See* Gov.Bar R. V(13)(C)(5).

**{¶ 14}** "Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety." Jud.Cond.R. 1.2, comment [1]. For that reason, judges and other persons authorized to perform

4

judicial functions—like magistrates—are subject to the highest standards of ethical conduct. *See, e.g.*, *Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289. In determining the appropriate sanction for Dunn's misconduct, the board examined *Disciplinary Counsel v. Kramer*, 149 Ohio St.3d 425, 2016-Ohio-5734, 75 N.E.3d 1174.

{¶ 15} Kramer was found to have falsified his time records while serving as a hearing officer at the Cuyahoga County Board of Revision. Investigations revealed at least 129 discrepancies between the times Kramer reported on his timesheets and records of his parking-garage activity. Though he was not subject to the Code of Judicial Conduct because he did not perform judicial functions within a court, we found that Kramer had violated Prof.Cond.R. 8.4(c) and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). And because Kramer's misconduct was limited to his timekeeping practice and he was unlikely to commit future misconduct, we suspended him from the practice of law for one year, with the suspension stayed in its entirety on the condition that he engage in no further misconduct.

{¶ 16} Like Dunn, Kramer had no prior disciplinary record, submitted evidence of his good character, and had other sanctions imposed for his misconduct (he was forced to resign from his employment). And both attorneys acted with a dishonest or selfish motive and engaged in a pattern of misconduct. But while Dunn immediately accepted responsibility for his actions, Kramer failed to acknowledge the wrongful nature of his misconduct. In his resignation letter, he denied having committed any violation of law. At his disciplinary hearing, he testified that his false entries were mistakes and sloppy bookkeeping, but the panel did not find this testimony to be credible. Kramer did eventually state that his conduct was wrong.

{¶ 17} While recognizing that Dunn's misconduct "tarnished the reputation of the judiciary," the board concluded that his immediate acceptance of responsibility for his misconduct combined with his immediate offer of repayment

and his cooperative attitude toward the disciplinary process warranted the imposition of a lesser sanction than that imposed in *Kramer*. Therefore, the board recommended that Dunn be suspended from the practice of law for six months and that the entire suspension be stayed on the condition that he engage in no further misconduct. Having reviewed the record, we agree with the board's findings and recommendation.

{¶ 18} Accordingly, we suspend Howard Alan Dunn from the practice of law for six months, with the entire suspension stayed on the condition that he engage in no further misconduct. If Dunn fails to comply with the condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Dunn.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Howard Alan Dunn, pro se.

_____